**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN SALOFI ASAELI,

Petitioner - Appellant,

v.

MIKE OBENLAND,

Respondent - Appellee.

No. 13-35822

D.C. No. 3:12-cv-05613-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Washington state prisoner Benjamin Salofi Asaeli appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition.

We have jurisdiction under 28 U.S.C. § 2253.   We review a district court's denial

of a habeas corpus petition de novo, *see Casey v. Moore,* 386 F.3d 896, 904 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

Asaeli claims that the Washington state trial court violated his rights to a fair trial and due process by admitting allegedly prejudicial gang evidence and committing cumulative error. He further argues that trial counsel was constitutionally ineffective for failing to request a lesser-included offense jury instruction on manslaughter. The record supports the district court's conclusion that Asaeli defaulted these federal claims because he did not fairly present them to the Washington Court of Appeals and the time for pursuing a personal restraint petition had expired. Further, because Asaeli failed to show cause and prejudice or a fundamental miscarriage of justice, the district court properly dismissed these claims as procedurally barred. *See Casey,* 386 F.3d at 916-20.

Asaeli next contends that his due process rights were violated by the prosecutor's use of a PowerPoint slide presentation that allegedly misstated the law, trivialized the burden of proof, and denied him the right to present a defense. The state court's rejection of this claim was neither contrary to, nor based upon an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (in prosecutorial misconduct context, the relevant question is whether "the

prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process" (internal quotations omitted)).

Asaeli next argues that trial counsel was constitutionally ineffective by failing to call additional character witnesses. The state court's rejection of this claim was not contrary to, or an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668 (1984), nor an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100-03 (2011).

Finally, Asaeli challenges his conviction on double jeopardy grounds and maintains that his due process rights were violated when his conviction for second-degree murder was vacated by the state trial court without his consent. The record reflects that, pursuant to the government's concession that Asaeli was improperly convicted of both first- and second-degree murder of the same victim, the state trial court dismissed Asaeli's conviction for second-degree murder. Asaeli has not shown that the state court's handling of this claim was contrary to, or an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *Rutledge v. United States*, 517 U.S. 292, 306-07 (1996). Moreover, contrary to his contention, Asaeli's conviction for first-degree assault of

a different victim did not violate double jeopardy. *See Custer v. Hill*, 378 F.3d 968, 972-73 (9th Cir. 2004).

Asaeli's motion for appointment of counsel is denied.

**AFFIRMED.**